UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| NICOLE PULLEN-UMHRA, | CASE NO. 22-mc-5015 BHS |
| Movant, | ORDER |
| v. | |
| UNITED STATES DEPARTMENT OF DEFENSE, | |
| Respondent. | |

THIS MATTER is before the Court on Movant Nicole Pullen-Umhra's Motion to Quash Pursuant to Customer Challenge Provisions of the Right to Financial Privacy Act of 1978 ("RFPA"), Dkt. 1. Pullen-Umhra is the wife of Staff Sergeant Michael Umhra, who is an active-duty member of the United States Army. Michael Umhra has filed a substantially similar action arising out of the same operative facts, *Umhra v. Department of Defense*, No. 22-mc-5014 BHS.

The Army's Criminal Investigation Division ("CID") is investigating whether Michael Umhra defrauded the government of $177,000 by falsely representing that Nicole Pullen-Umhra lived in San Mateo, California, when she lived in other places,

ORDER - 1

including University Place, Washington. Implicit in the Government's response is the claim that the housing allowance based on the actual residence would have been lower than the amount Umhra claimed and received.

In August 2022, the CID subpoenaed Umhra's and Pullen-Umhra's banking records from the Navy Credit Union, seeking information about the accounts between October 1, 2015 and December 31, 2019. The CID sent Umhra and Pullen-Umhra Customer Notices. Pullen-Umhra's informed her that the CID sought the materials to "refute or support allegations that during the approximate period of October 2015 through December 2019, your spouse fraudulently received pay allowances to which he was not entitled, in violation of Uniform Code of Military Justice (UCMJ) Article 107, False Official Statements and UCMJ Article 121, Larceny of Government Funds." Dkt. 1 at 6.

Pullen-Umhra objects to the Notice and the subpoena, and asks the Court to Quash the subpoena, arguing that she is not the subject of the investigation and, as a civilian, is not subject to the UCMJ. *Id.* at 4. She also argues that the investigation dates back only to May 2017, not October 2015. *Id.*

The Government argues in response that Pullen-Umhra has not alleged or demonstrated factually that the CID's reasons for believing that the financial records sought are not relevant to the legitimate law enforcement inquiry claimed by the Government, or that the CID has not substantially complied with the RFPA. Dkt. 3 at 4 (citing RFPA, 12 U.S.C. § 3410(a)). It argues that the motion to quash must be supported by an affidavit establishing a factual basis for the claim that the information is not relevant to a legitimate law enforcement purpose. *Id.* (citing *Hancock v. Marshall*, 86

F.R.D. 209, 211 (D.D.C. 1980)). The Government also relies on the Declaration of CID Special Agent Andrew Sherbo, who attests to the existence of a legitimate law enforcement inquiry. Dkt. 4. The Government argues persuasively that the records subpoena relates to the subject matter of a legitimate investigation, and that it is not overbroad or unduly burdensome. Dkt. 3 at 9–10.

The Court agrees that Pullen-Umhra has not alleged or demonstrated that the subpoena is not made in support of to a legitimate law enforcement inquiry, or that the records sought are over broad or unduly burdensome.

Pullen-Umhra's Motion to Quash, Dkt. 1, is **DENIED**. The Navy Credit Union shall comply with it.

The Clerk shall enter a JUDGMENT and close the case.

IT IS SO ORDERED.

Dated this 19th day of October, 2022.

_____
BENJAMIN H. SETTLE
United States District Judge